This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Dallas D. Walker, appeals from his convictions in the Summit County Court of Common Pleas for assault on a peace officer and resisting arrest. We affirm.
On April 4, 2000, the Summit County Grand Jury indicted Defendant on four separate counts: (1) two counts of assault on a peace officer, in violation of R.C. 2903.13(A); (2) resisting arrest, in violation of R.C.2921.33(B); and (3) domestic violence, in violation of R.C. 2919.25(C). Subsequently, the grand jury indicted Defendant on an additional count: improperly discharging a firearm at or into a habitation or a school, in violation of R.C. 2923.161. Following the State's case-in-chief, Defendant made a Crim.R. 29 motion for acquittal, which the trial court denied. Defendant renewed his Crim.R. 29 motion after he presented his case-in-chief, but the trial court again denied his motion. The jury found Defendant guilty on both counts of assault on a peace officer and resisting arrest, but found him not guilty of domestic violence. The trial court dismissed the charge of improperly discharging a firearm at or into a habitation or a school and sentenced him accordingly. Defendant timely appealed raising four assignments of error, which we have consolidated for ease of review.
 ASSIGNMENT OF ERROR I [Defendant's] conviction of assault on a peace officer regarding Officer Meek was contrary to the manifest weight of the evidence.
 ASSIGNMENT OF ERROR II [Defendant's] conviction of assault on a peace officer regarding Officer Crabtree was contrary to the manifest weight of the evidence.
 ASSIGNMENT OF ERROR III [Defendant's] conviction of resisting arrest was contrary to the manifest weight of the evidence.
 ASSIGNMENT OF ERROR IV The trial court erred in failing to grant [Defendant's] [Crim.R.] 29 motion to dismiss the two assault on a peace officer charges and the resisting arrest charge following the conclusion of the State's case.
In his first, second, third, and fourth assignments of error, Defendant challenges the adequacy of the evidence presented at trial. Specifically, Defendant avers that the State failed to present sufficient evidence to support the trial court's denial of his Crim.R. 29 motion for acquittal and that his convictions for assault on a peace officer and resisting arrest were against the manifest weight of the evidence. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case. Defendant's assignments of error lack merit.
As a preliminary matter, we note that sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy."Thompkins, 78 Ohio St.3d at 386.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion."State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.
(Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Defendant was found guilty of two counts of assault on a peace officer, in violation of R.C. 2903.13(A), and resisting arrest, in violation of 2921.33(B).
Assault is defined as "knowingly caus[ing] or attempt[ing] to cause physical harm to another[.]" R.C. 2903.13(A). One "acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Ordinarily, assault is a first-degree misdemeanor. R.C. 2903.13(C). However, if the assault is committed against a peace officer, which includes any member of the organized police force of a municipal corporation, the assault is a felony of the fourth degree. R.C. 2903.13(C)(3) and R.C. 2935.01(B).
Resisting arrest results when one "recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person and, during the course of or as a result of the resistance or interference, cause physical harm to a law enforcement officer." R.C. 2921.33(B). One "acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).
At trial, Mary Walker, Defendant's wife, testified that Defendant's behavior was abrupt and he was prone to violent outbursts. She further testified that he put holes in the wall, and on January 26, 2000, he shot their refrigerator.
Officer Jeffrey Meek testified that on January 26, 2000, he responded to a call from dispatch of a possible domestic dispute at 3934 Bonnett Drive. After arriving on the scene, Officer Meek stated that when he saw Defendant, he identified himself as a police officer. He further stated that Defendant began approaching him and he told Defendant to "stop [and] [g]et down," but Defendant did not heed to his commands. Additionally, Officer Meek told Defendant to "show [his] hands[;]" however, Defendant also failed to comply with this order. Officer Meek said that Defendant continued to approach and he looked "like he [was] going to rush in on [him]." Officer Meek testified that Defendant "charged" at him, and in defense, he hit Defendant with the butt of his gun. Officer Meek then stated that Defendant charged at Officer Crabtree. Officer Meek declared that Officer Crabtree told Defendant to "[g]et down." He then articulated that Officer Crabtree yelled to Defendant to "[s]top resisting" and then Defendant lunged for Officer Crabtree's gun. Officer Meek testified that he attempted to assist Officer Crabtree in the struggle and told Defendant to "stop resisting" and "fighting." As a result of Defendant's actions, Officer Meek sustained a torn medial collateral ligament of the right knee.
Officer Daniel Crabtree testified that he arrived at 3934 Bonnett Drive to investigate a possible domestic dispute. Further, Officer Crabtree stated that dispatch notified the officers that Defendant had a gun. Officer Crabtree said he heard Officer Meek identify himself as a police officer and order Defendant to "get down on the ground," to which Defendant refused. He then declared that Defendant charged at Officer Meek. Officer Crabtree testified that Defendant approached him with his arms held high as if he was "going to choke * * * or grab [his] head" and he was in a "mad rage." Moreover, he maintained that the look in Defendant's eyes illustrated an intent to hurt or kill. Officer Crabtree then testified that Defendant grabbed his gun and he yelled to Officer Meek that Defendant "got [his] gun." During the confrontation, he told Defendant to "stop resisting[.]" Finally, Officer Crabtree stated that he suffered a cervical strain due to Defendant's actions.
Officer Ralph Flynn testified that when he arrived on the scene he saw Officers Meek and Crabtree wrestling with Defendant. He also noted that Defendant had both arms under him and was resisting arrest. Following Officer Flynn's testimony, Douglas Snyder, a fire lieutenant, testified that Defendant was belligerent, confrontational, and swore.
Lastly, Defendant testified that he ran out of fear. He further stated that he remembers "getting pounded" by the police officers. Defendant also said that he does not remember Officer Meek identifying himself as a police officer, and he did not grab Officer Crabtree's gun. Defendant maintained that he yelled, "I'm not resisting. Stop beating me," but the officers continued to "beat" him. Additionally, he testified that he was unable to resist because he was struck from behind.
In the case sub judice, the jury had the opportunity to view the witnesses' testimony and adjudge their credibility; therefore, we must give deference to the jurors' judgments. See State v. Lawrence (Dec. 1, 1999), Lorain App. No. 98CA007118, unreported, at 13. Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting Defendant on both counts of assault of a peace officer and resisting arrest. Consequently, we conclude that Defendant's assertion that the State did not produce sufficient evidence to support a conviction, therefore, is also without merit. Accordingly, Defendant's first, second, third, and fourth assignments of error are overruled.
Defendant's assignments of error are overruled. The convictions of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
CARR, J., WHITMORE, J. CONCUR.